NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0246n.06

No. 09-6028

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Apr 19, 2011

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MATTHEW STEWARD, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON and STRANCH, Circuit Judges; WELLS, District Judge.[*]

**JANE B. STRANCH**, Circuit Judge. Matthew Steward challenges the substantive reasonableness of the 70-month prison sentence the district court imposed after Steward pleaded guilty to receiving and possessing child pornography that had been transported by computer in interstate commerce, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B), and 2252A(b)(1) & (2). Steward faced a five-year mandatory minimum sentence on the receiving charge, 18 U.S.C. § 2252A(b)(1), and his advisory guideline range was 97 to 121 months. The district court granted a downward variance to 70 months, but Steward contends the district court should have imposed the statutory minimum sentence of 60 months. Concluding that the 70-month sentence was substantively reasonable, we **AFFIRM**.

---

[*]The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

## I. FACTS

In March 2005, a special agent with Immigration and Custom Enforcement's ("ICE's") Cyber Crime Unit in Texas discovered child pornography on a file sharing network that he traced to a computer located at the Steward residence in Kentucky. After further investigation, ICE agents learned that Matthew Steward, then 19 years old, lived at the residence with his parents. On May 20, 2005, ICE agents executed a search warrant at the residence. Steward admitted that he downloaded child pornography through a file-sharing program, but the agents did not arrest him that day. The agents seized two computers and compact discs. Subsequent forensic analysis revealed 67 images and 22 videos of child pornography on the hard drive of one of the computers and an additional 12 images and 7 videos of child pornography on compact discs. At least one video depicted the bondage and rape of a female child under 10 years of age. Another video more than thirty minutes in length showed a preteen female engaging in various sexual acts with an adult male.

The government launched the criminal prosecution with the filing of a criminal complaint on October 18, 2005. During the detention hearing on October 20, the magistrate judge learned that Steward obtained a second computer put together with used parts after agents executed the search warrant in May 2005. The magistrate judge ordered ICE to conduct forensic analysis on the second computer. ICE found that Steward had downloaded an additional 82 images of child pornography.

The Second Superseding Indictment charged Steward with one count each of distribution and receipt of child pornography and two counts of possession of child pornography. The indictment also contained a count for criminal forfeiture.

In a plea agreement, Steward agreed to plead guilty to the receiving and possession counts in exchange for the government's dismissal of the two remaining counts. The government agreed

2

to recommend a three-level reduction for acceptance of responsibility and a sentence at the low end of the advisory guideline range. The government also agreed to allow Steward to argue for a sentence below the advisory guideline range.[1]

Steward faced a statutory mandatory minimum sentence of 60 months on the receiving count. With a total offense level of 30, and a criminal history category of I, the advisory guideline range was 97 to 121 months.

The district court considered the presentence report, the advisory guideline range, the parties' lengthy sentencing memoranda, two psychological evaluations of Steward, numerous letters written to the court by family members and friends on Steward's behalf, the testimony of Steward's mother, Steward's allocution, and the arguments of the attorneys. Steward expressed remorse and asked for another chance. His attorney asked for the minimum sentence of 60 months, contending that a higher sentence would be too punitive to meet the goals of sentencing under 18 U.S.C. § 3553(a). The government requested a sentence of 97 months, noting that if the government had not dismissed the distribution count and Steward had been convicted of it, his guideline range would have been much higher with a sentence potentially twice as long.

The district court granted a downward variance and imposed a term of 70 months of imprisonment on each count, to run concurrently, and 10 years of supervised release with special

---

[1]The parties agreed at the guilty plea hearing that Steward would waive his right to appeal the conviction, but not the sentence. They modified the plea agreement, and the district court advised Steward accordingly. At sentencing, however, defense counsel erroneously stated that Steward waived his right to appeal the sentence, and Steward executed a waiver to that effect at the court's request. The government agrees with Steward on appeal that he did not waive the right to appeal the sentence. Consequently, the waiver issue is moot and we do not consider it.

conditions. The court did not require payment of a fine or restitution, but the court did impose a special assessment of $200.

## II. STANDARD OF REVIEW

"The touchstone of appellate review of a district court's sentencing decision is reasonableness, a concept that has both a procedural and a substantive component." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Because Steward contends only that the district court's sentence was substantively unreasonable, we review for an abuse of discretion. *Id.* In selecting a sentence, a district court must consider the factors listed in 18 U.S.C. § 3553(a) and choose a sentence "sufficient, but not greater than necessary to comply with" those factors. *Id.* at 647. A sentence will be deemed substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *Id.*

While we apply a presumption of reasonableness to a sentence within the guideline range, we do not apply a presumption of unreasonableness to a sentence outside the guideline range. *United States v. Henry*, 545 F.3d 367, 384-85 (6th Cir. 2008). Rather, we take into account the totality of the circumstances, including the extent of any variance from the guideline range, and we give "due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance[]" from the guideline range. *Id.* Our reasonable conclusion that a different sentence is appropriate is not alone sufficient to justify reversal. *Id.*

### III. DISCUSSION

Steward contends that his 70-month prison sentence was greater than necessary to satisfy the sentencing considerations of § 3553(a). He challenges comments the district court made at sentencing concerning Steward's allocution, his mother's testimony, and letters the court received on Steward's behalf. Steward believes the comments indicate the district court gave unreasonable weight to a perceived lack of appreciation for the seriousness of the offense and respect for law.

Having carefully reviewed the district court's comments, we are not convinced the district court gave undue weight to the seriousness of the offense. In isolation, the court's comments might seem harsh, but read in the context of the entire record, the remarks responded directly to an attitude expressed in some of the letters and in some portions of the testimony tending to minimize the seriousness of Steward's conduct in receiving, possessing, and viewing child pornography.

The district court discussed all of the § 3553(a) sentencing factors, including the nature and circumstances of the offense; Steward's history and characteristics; the need to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; the need to deter future criminal conduct; the need to protect the public; the need to provide for Steward's rehabilitation, and the kinds of sentences available. The court expressly recognized its duty to determine a reasonable sentence not greater than necessary to meet sentencing objectives.

The district court ultimately determined that a sentence of 97 months at the low end of the advisory guideline range was too long, but the statutory minimum sentence of 60 months was too short. The district judge recognized that Steward would have faced a far longer sentence if the government had not agreed to dismiss the distribution charge. The court was concerned with the large number of child pornography images Steward downloaded, as well as Steward's conduct in

obtaining a second computer and downloading more child pornography even after ICE agents seized computers from his parents' home during execution of a search warrant. The court also found, however, that a term of 97 months was unnecessary to deter Steward from future criminal conduct, Steward had probably learned from the experience, Steward was "a lot younger than 19 mentally and developmentally," and the psychological evidence confirmed Steward suffered from depression which made him less likely to understand and control his conduct. Contrary to Steward's argument, the district court considered Steward's age, his depression and psychological evaluations, his expressed remorse, and his lack of a criminal history.

We conclude the district court did not abuse its discretion in choosing an imprisonment term of 70 months, which was 27 months below the low end of the advisory guideline range and only 10 months higher than the statutory minimum sentence. The court considered all of the § 3553(a) sentencing factors, without giving undue weight to the seriousness of the offense. We give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance[]" from the guideline range. *Henry*, 545 F.3d at 385.

For all of these reasons, we **AFFIRM** the sentence as substantively reasonable.