**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0097n.06

No. 10-3860

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 26, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE NORTHERN |
| | ) DISTRICT OF OHIO |
| HERSIE WESSON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

BEFORE: CLAY, ROGERS, and DONALD, Circuit Judges.

ROGERS, Circuit Judge. Defendant Hersie Wesson appeals the 60-month sentence he received after pleading guilty to being a felon in possession of a firearm. Wesson challenges his sentence on two grounds: (1) that the district court miscalculated his criminal history and, therefore, the applicable guidelines range, and (2) that his sentence was substantively unreasonable. Both claims lack merit. First, the district court did not miscalculate Wesson's criminal history. Second, Wesson has failed to rebut the presumption that his within-guidelines sentence was substantively reasonable.

In December 2009, Cleveland police officers stopped a car with expired license plates. As the officers approached the car, Wesson exited the passenger side and ran. During the ensuing chase, Wesson pulled a gun from his pocket and threw it onto the ground. Wesson was eventually apprehended and the officers recovered the gun, as well as ammunition which Wesson had dropped while running.

In January 2010, a federal grand jury indicted Wesson, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Wesson, who had a prior state felony conviction for drug trafficking, pled guilty to the charge without a plea agreement.

The Presentence Report (PSR) recommended a total offense level of 17 and a criminal history category of VI based on 13 criminal history points. The PSR's recommended guidelines range was 51 to 63 months' imprisonment.

Wesson objected to this range and argued that the probation officer who prepared the PSR made two mistakes in calculating his criminal history. First, Wesson argued that the probation officer erroneously assessed two criminal history points to each of his three sentences for juvenile crimes committed in 2005, for a total of six points. Wesson argued that since he was sentenced for these crimes on the same day, the probation officer should have counted the sentences as a single prior sentence worth two points, rather than separate sentences totaling six points. Second, Wesson argued that the probation officer should not have assessed one criminal history point to either of his two 2010 drug convictions because he had not yet been sentenced for either crime. Wesson also filed a sentencing memorandum and motion for a downward departure and/or variance, requesting a sentence of 37 months' imprisonment.

At the sentencing hearing, the district court began by overruling Wesson's objections to the PSR. First, the district court found that the probation officer properly assessed two criminal history points to each of Wesson's three sentences for juvenile crimes committed in 2005, for a total of six points, because each crime was separated by an intervening arrest and, therefore, the sentences for these crimes should be counted separately. Second, the district court found that the probation officer

properly assessed one criminal history point to each of Wesson's two 2010 drug convictions because Wesson had already pled guilty to both crimes and, under the federal sentencing guidelines, these convictions counted as if they constituted prior sentences.

The district court then noted that the probation officer had not identified any factors warranting a downward departure or variance and proceeded to consider the § 3553(a) factors in order to fashion a sentence that was "sufficient but not greater than necessary to comply with the purposes set forth in 3553(a)." The district court discussed, at length, the nature and circumstances of the offense; Wesson's history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Wesson, and to provide Wesson with needed treatment; and the need to avoid unwarranted sentence disparities. The district court then sentenced Wesson to 60 months' imprisonment.

Wesson filed a timely notice of appeal.

Wesson's sentence was procedurally reasonable. Contrary to Wesson's arguments, the district court did not miscalculate his criminal history and, therefore, the applicable guidelines range. First, the district court properly assessed two criminal history points to each of Wesson's three sentences for juvenile crimes committed in 2005, for a total of six points, because the three crimes were each separated by an intervening arrest. As Wesson acknowledges, he was arrested on March 1, 2005 for the unauthorized use of a motor vehicle, was arrested again on April 20, 2005 for the unauthorized use of another motor vehicle, and was arrested yet again on September 6, 2005 for aggravated robbery. Although Wesson was sentenced for all three crimes on the same

day—December 16, 2005—the sentencing guidelines clearly state that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2). The district court carefully considered Wesson's arguments, but followed the plain language of the sentencing guidelines and correctly found that Wesson's three sentences in 2005 should be counted separately when assessing criminal history points.

Second, the district court properly assessed one criminal history point to each of Wesson's two 2010 state drug convictions. Wesson is correct that, at the time of his federal sentencing in this case, he had not yet been sentenced for either crime. The sentencing guidelines, however, unambiguously state that "[w]here a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence." U.S.S.G. § 4A1.2(a)(4). This statement includes guilt established by a plea of guilty. *Id*. Since Wesson concedes that, at the time of his federal sentencing in this case, he had already pled guilty to both drug crimes, the district court properly assessed one criminal history point to each crime. *See also United States v. Fisher*, 27 F. App'x 558, 562 (6th Cir. 2001).

Wesson's sentence was also substantively reasonable. This court affords Wesson's 60-month sentence a presumption of reasonableness because it falls within the applicable guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Wesson has failed to rebut this presumption.

First, Wesson's argument that the district court gave an unreasonable amount of weight to his criminal history is without merit. It is true that the district court repeatedly discussed Wesson's lengthy and alarming criminal history, including his convictions for attempted robbery, unauthorized

use of a motor vehicle, aggravated robbery, trafficking in drugs, disorderly conduct, and attempted trafficking in drugs. But this court has recognized that a defendant's criminal history "may bear upon more than one of the section 3553(a) factors." *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010). Here, the district court acted squarely within its discretion by finding that Wesson's criminal history was relevant to multiple § 3553(a) factors, including his history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide just punishment for the offense, the need for specific deterrence of future criminal conduct by Wesson, and the need to protect the public from Wesson's recidivist tendencies. *See id*. Therefore, the district court did not place too much weight on Wesson's criminal history.

Second, Wesson's argument that the district court did not meaningfully address the mitigating factors raised in his motion for a downward departure and/or variance is also baseless. Wesson cited his youth/immaturity and the support of his family and friends as justifications for a sentence below the applicable guidelines range. The district court expressly considered these factors, noting that Wesson was only 22 years old at the time of sentencing, had not finished high school, and had a criminal record that included four juvenile offenses. The district court also acknowledged that Wesson grew up in a stable household, is close to his family, and is welcome to live with his family after being released from prison. Nevertheless, after balancing all of the applicable § 3553(a) factors, the district court found that a sentence within the guidelines range was appropriate. This was not an abuse of discretion. *See United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).

Lastly, Wesson's argument that the district court "impermissibly considered the allegation of gang affiliation made in the presentence report" is also unavailing. At the sentencing hearing, the

district court simply asked Wesson whether he belonged to a gang, as alleged in the PSR, and Wesson responded that he did not. The district court's question was appropriate, especially since "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. There is also no indication that Wesson's answer affected his sentence, one way or another. Therefore, Wesson's claim that the district court based his sentence on an impermissible factor is unfounded.

For the foregoing reasons, we affirm Wesson's sentence.