**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1167n.06

**No. 10-5028**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
*Nov 13, 2012*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    **Plaintiff-Appellee,**

v.

**DEBRA WILLIAMS,**

    **Defendant-Appellant.**

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

_____ /

BEFORE:    BOGGS and CLAY, Circuit Judges; STAFFORD, District Judge.[*]

    **CLAY, Circuit Judge**.  Defendant Debra Williams appeals her sentence, arguing that the district court failed to comply with 18 U.S.C. § 3553,  and asks this court to remand the matter to the district court for re-sentencing.  For the reasons that follow, we **AFFIRM** the sentence imposed by the district court.

## BACKGROUND

    On August 6, 2009, a jury in the Western District of Tennessee convicted Defendant of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 846.  The Presentence Investigation Report ("PSR") recommended that Defendant

_____

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

be sentenced according to a base offense level of 34, with a 2-point upward adjustment for obstruction of justice,[1] and a criminal history category of I. The guideline imprisonment range given was 188–235 months. (PSR Addendum, at 2.) Prior to sentencing, Defendant requested a downward adjustment in her criminal history category as a "minimal" or "minor" participant pursuant to U.S.S.G. § 3B1.2. She also presented arguments for mitigation of her sentence based on her family circumstances, arguing that the court should consider a lesser sentence because she has five children to care for.

The district court denied Defendant's request for a downward adjustment, and declined to adjust the sentence downward because of Defendant's family circumstances. Ultimately, the court sentenced Defendant to 188 months imprisonment. Defendant now appeals that sentence.

## DISCUSSION

### I. Minor or Minimal Participant Downward Adjustment

Under the United States Sentencing Guidelines, "[i]f the defendant was a minor participant in any criminal activity," the court should decrease the offense level by 2 levels. U.S.S.G. § 3B1.2(b). Defendant argues that the district court erred by failing to apply this reduction to her base offense level.[2] We find that the court did not err.

A defendant's "degree of participation and culpability is a factual determination entitled to review for only clear error." *United States v. Allen*, 516 F.3d 364, 375 (6th Cir. 2008) (citing *United*

---

[1]Defendant does not ask this Court to review the application of that enhancement.

[2]Defendant now argues that she was entitled to the minor-participant reduction, which would reduce her offense level by 2, but she initially requested the 4-level reduction through trial counsel at sentencing. (*See* Def. Br. at 14.)

*States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005)). "A factual finding is clearly erroneous when, on the entire evidence, we are 'left with a definite and firm conviction that a mistake has been committed.'" *United States v. Valentine*, 694 F.3d 665, 672 (6th Cir. 2012) (quoting *Anderson v. City of Bessemer City* 470 U.S. 564, 573 (1985)); *see also United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010) (quoting *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990)).

"It is well settled that a defendant has a burden of proving mitigating factors, such as a downward adjustment for being a minor participant, by a preponderance of the evidence." *United States v. Elder*, 90 F.3d 1110, 1134 (6th Cir. 1996). As Defendant concedes, "The determination whether to apply [the downward adjustment], is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, cmt. 3, n.C.

Under the sentencing guidelines, a defendant can receive a reduction in her offense level if she was a minimal or minor participant in the criminal activity. A minor participant's offense level is to be reduced by 2, while a minimal participant's offense level is to be reduced by 4. U.S.S.G. § 3B1.2(a)–(b). A minimal participant is one "who [is] plainly among the least culpable of those involved," while a minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." .S.S.G. § 3B1.2, cmt. 4–5; *see also United States v. Henderson*, 307 F. App'x 970, 983 (6th Cir. 2009). This Court has further defined a minor participant as one whose conduct was "substantially less culpable" than the average participant, *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010), and was not necessary to the success of the enterprise. *United States v. Allen*, 516 F.3d 364, 375 (6th Cir. 2008). Therefore, because the

guidelines define a minor participant as one who is more culpable than a minimal participant, and places the burden of proof on defendants, if Defendant cannot show that her role was minor, it is impossible for her to get the larger reduction for "minimal participation."

Defendant's role in the enterprise was not minor or minimal. Defendant repeatedly acted as a courier for Victor Ray Thomas, a Memphis-based dealer of methamphetamine. She carried up to two pounds of methamphetamine, by both plane and bus, on several occasions. (Gov't Br. at 4–5.) Courts in this Circuit have found that a defendant's "role as courier was critical to the success of the drug trafficking and money laundering conspiracies." *United States v. Skinner*, 690 F.3d 772, 783 (6th Cir. 2012) (upholding district court's decision not to apply a downward adjustment). Courts in other circuits have also found that couriers are not necessarily minor participants in drug distribution operations. *See, e.g., United States v. Carr*, 25 F.3d 1194, 1207–08 (3d Cir. 1994); *Ajala v. United States Parole Comm'n*, 997 F.2d 651, 656 (9th Cir. 1993); *United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991). Further, there is no dispute that Defendant's conduct went beyond acting as a courier. There was evidence that she observed transactions, and conducted transactions herself, as well as evidence that she helped plan sales. In other words, a judge could have reasonably found that she was as culpable as an "average participant" in the enterprise.

Accordingly, we find that the district court did not commit clear error when it refused to give Defendant a downward adjustment as a minor participant.


## II.  Defendant's Argument for Mitigation on the Basis of Family Circumstances

Defendant also argues that the district court's sentence was unreasonable, because the court failed to consider her family circumstances when it imposed its sentence. Sentences are reviewed for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's conclusions of law are reviewed *de novo*, while its findings of fact are reviewed for clear error. *United States v. Moon*, 513 F.3d 527, 539–40 (6th Cir. 2008). "In order for a district court's sentencing determination to be procedurally reasonable, a 'sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338 (2007)).

Defendant bases her argument on 18 U.S.C. § 3553, which states that a court, when sentencing a defendant, "shall consider– (1) the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Her claim is that the district court should have interpreted that statute to mean that it was required to consider her family circumstances, and that in failing to do so, the district court committed reversible error. The correct rule, however, is that while family circumstances are permissible considerations under 18 U.S.C. § 3553(a)(1), they are disfavored under the sentencing guidelines. Pursuant to U.S.S.G. § 5H1.6. and § 5K2.0, the guidelines permit consideration of such circumstances as mitigating factors only in exceptional cases. *Compare United States v. Reed*, 264 F.3d 640, 653–54 (6th Cir. 2001) (reversing where a district court improperly used family circumstances to mitigate a sentence), *with United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (affirming consideration of family circumstances

but reversing the sentence as unjustified in that case), *and United States v. Husein*, 478 F.3d 318, 326 (6th Cir. 2007)).

We find that the district court followed this rule punctiliously. The court briefly mentioned family circumstances when setting its custodial sentence, stating that: "[u]nder the guidelines, we really don't depart in terms of the calculation because of family circumstances, because everybody has got family circumstances. I know you have got five children." (R. 234 at 44.) This statement matches the directive of the sentencing guidelines, which state that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. Furthermore, the court included a recommendation that the Bureau of Prisons place Defendant as close to her children as possible. (R. 234 at 59–60.) The court also engaged in a lengthy explanation of its sentencing methodology. *See United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010). Finally, the district court pronounced a sentence at the bottom of the guidelines range. Therefore, we find that the district court met its obligation to consider the arguments raised in mitigation and explained why it rejected them.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.