NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0208n.06

No. 13-1121

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 17, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DAMEON T. RUSSELL, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: BOGGS and KETHLEDGE, Circuit Judges; RESTANI, Judge.[*]

KETHLEDGE, Circuit Judge. Dameon Russell pled guilty in September 2010 to six charges of distribution and possession of cocaine base, as well as conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1) and 21 U.S.C. § 846. His guidelines range was 292-365 months' imprisonment. The district court imposed a sentence of 292 months. Russell appealed. While his appeal was pending, the Supreme Court held that the Fair Sentencing Act of 2010 applies to defendants who are initially sentenced after the FSA's enactment date. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). Russell is such a defendant, so we remanded his case for resentencing. On remand, Russell's guidelines range under the FSA was 210-262 months. The district court sentenced Russell to 210 months' imprisonment. Russell then brought this appeal.

---

[*] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Russell's sole argument is that the district court did not adequately explain the bases for its sentence, under 18 U.S.C. § 3553(a), during his resentencing. Russell did not make this or any other objection to his sentence in the district court, however, so we review the court's actions only for plain error. *See United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010).

A district court "must conduct a meaningful sentencing hearing and truly consider the defendant's arguments." *Id.* at 646 (6th Cir. 2010). But the court need not recite all of the 18 U.S.C. § 3553(a) factors nor address each in turn. Instead, the court need only offer enough reasoning to allow for "reasonable appellate review." *United States v. Ward*, 447 F.3d 869, 871 (6th Cir. 2006).

Here, the parties and the district court extensively discussed Russell's history and characteristics, among other § 3553(a) factors, during Russell's initial sentencing hearing. That the district court did not discuss all of those factors again during his second sentencing hearing was not plain error, and likely not error at all, particularly given that the district court expressly stated during the second hearing that it had reviewed the materials from the first hearing. Moreover, during the second hearing the court further stated that Russell had been almost continually incarcerated from 1996-2009, without any apparent deterrent effect on his behavior, but that Russell appeared to have made significant process in his rehabilitation since the time of his initial sentencing hearing. The district court therefore offered sufficient reasoning to allow appellate review of Russell's sentence.

The district court's judgment is affirmed.