NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0754n.06

No. 13-2267

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 30, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                    )
                                              )
          Plaintiff-Appellee,                 )
                                              )  ON APPEAL FROM THE UNITED
v.                                            )  STATES DISTRICT COURT FOR
                                              )  THE WESTERN DISTRICT OF
THAVONE KHAMSOUKSAY, aka Lek,                 )  MICHIGAN
                                              )
          Defendant-Appellant.                )
                                              )
                                              )

BEFORE: BATCHELDER, GILMAN, and GIBBONS, Circuit Judges.

PER CURIAM.    Thavone Khamsouksay challenges his 156-month sentence as procedurally unreasonable. We affirm his sentence.

Khamsouksay pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. Khamsouksay moved for a variance from the advisory guidelines range, asserting in part that the district court should reject the methamphetamine guidelines because those guidelines result in a range that is greater than necessary to achieve the sentencing purposes under 18 U.S.C. § 3553(a). The district court imposed a within-guidelines sentence of 156 months of imprisonment.

On appeal, Khamsouksay contends that his sentence is procedurally unreasonable because the district court failed to address his argument that the methamphetamine guidelines are

too harsh and result in a range that is greater than necessary. Khamsouksay concedes that defense counsel failed to raise this issue when given the opportunity to do so at the conclusion of the sentencing hearing, thereby making his procedural-reasonableness challenge subject to plain-error review. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Khamsouksay must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted).

The district court "must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010). The district court is not, however, required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. Ultimately, to impose a procedurally reasonable sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

At sentencing, the government addressed Khamsouksay's argument about the methamphetamine guidelines:

> So, Your Honor, this drug is serious. The Sentencing Commission and Congress take it seriously. The guidelines wouldn't be as significant as they are if that wasn't the case, and so the guidelines are where they are for very good reasons. It's in recognition of the dangers and the incredible brutal addictive properties of crystal methamphetamine.

(RE 109, Sentencing Tr. 37, Page ID # 610). The district court later referenced the government's argument: "This is a serious offense of trafficking in methamphetamine of this nature. This crystal meth is a scourge, as the government indicated . . . . Highly addictive, highly dangerous,

and very unhealthy, obviously." (RE 109, Sentencing Tr. 39, Page ID # 612). Although the district court did not specifically mention Khamsouksay's motion for a variance, the district court's reference to the government's argument in opposition to that motion reflects that the district court considered the issue. By imposing a within-guidelines sentence, the district court implicitly rejected Khamsouksay's argument to vary downward from the methamphetamine guidelines. The district court did not commit any error, much less plain error. *See United States v. Simmons*, 587 F.3d 348, 363 (6th Cir. 2009) ("Where a party makes a conceptually straightforward legal argument for a lower sentence under one of the § 3553(a) factors, the district court's decision not to address the party's argument expressly is not an error when the court otherwise discussed the specific factor and appears to have considered and implicitly rejected the argument.").

Accordingly, we affirm Khamsouksay's sentence.