**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0055n.06

**No. 11-2314**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jan 10, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA ,

    Plaintiff-Appellee,

v.

CRAIG SANDERS,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:    BATCHELDER, Chief Judge, KEITH and MARTIN, Circuit Judges.

**BOYCE F. MARTIN, JR.**, Circuit Judge.  This case is about a costly and unfortunate prank call to the U.S. Coast Guard. Craig Sanders pleaded guilty to a single-count felony of having made a false distress message.  The district court sentenced him to: two and a half years in prison; three years supervised release with mandatory participation in a substance abuse program with possible drug testing; a special assessment of $100 to the court; and $53,306 in restitution to the Coast Guard. At the sentencing hearing, Sanders' counsel did not object to any of the aspects of the sentence that he now challenges.  Sanders argues that: (1) he suffered ineffective assistance of counsel when his attorney did not object to the district court's enhancement of his sentence; (2) the district court should not have applied an enhancement to his sentence; (3) the district court improperly delegated to the probation department the authority to decide whether Sanders should undergo drug testing

when on supervised release; and (4) Sanders' sentence is procedurally and substantively unreasonable. For the reasons discussed below, we **AFFIRM** the district court's judgment.

We take the facts of this case from Sanders' Presentence Investigation Report because he did not object to it. *United States v. Vonner*, 516 F.3d 382, 384-85 (6th Cir. 2008) (citations and quotations omitted) (holding that by failing to object to a presentence report, a defendant accepts all of its factual allegations). The Presentence Investigation Report relates that Sanders called the United States Coast Guard's Search and Rescue Controller, Sector Detroit, and reported that he had been in a vessel that capsized in the vicinity of Lake Erie. Sanders reported that while he had made it to shore, he could not locate his friend who had accompanied him. Sanders said he could not tell the Coast Guard where he was. He then hung up.

The Coast Guard mobilized thirty-eight personnel and a helicopter, and searched for eight hours until the Coast Guard's subsequent investigation showed that the call originated in Inkster, MI–about twenty miles inland. The search effort cost the Coast Guard $53,306.16. Sanders pleaded guilty, without a plea agreement, to communicating a false distress message in violation of 14 U.S.C. § 88(c), a felony which provides for a maximum of six years' imprisonment and a $250,000 fine along with supervised release.

The Presentence Investigation Report calculated a guideline imprisonment range of between one year and nine months to two years and three months; however, the district court varied Sanders' sentence upwards to two years and six months by adding a four-level enhancement for a hoax that results in a substantial disruption of public or governmental functions. *See* U.S.S.G. § 2A6.1(b)(4)(A)-(B). In addition to prison time, the court sentenced Sanders to: three years of

supervised release with mandatory participation in a substance abuse program, with possible drug testing, approved by the Probation Department; a special assessment of $100 to the court; and $53,306 in restitution to the Coast Guard. At the sentencing hearing, Sanders' counsel did not object to any aspect of the sentence that Sanders now challenges on appeal.

As an initial matter, we decline to address Sanders' claim that his counsel provided him ineffective assistance. This Court does not review ineffective assistance of counsel claims on direct appeal except in rare circumstances not present in this case. *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012).

Because Sanders' counsel did not object during the sentencing hearing to aspects of the sentence that Sanders now challenges, we must review his challenges under the plain error standard. In *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), we announced a new procedural rule: a district court, after pronouncing the defendant's sentence, must ask the parties whether they have any objections to the sentence just pronounced that they have not previously raised. We said that when the district court gives this final opportunity to speak, if a defendant does not clearly articulate any objection and the grounds upon which the objection is based, the defendant will have forfeited the opportunity to make any objections not previously raised–and so will face plain error review on appeal. *Id.* at 872-73. The purpose of this rule is to ensure that the district court gives the parties a final opportunity to raise new objections. *See United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011).

Here, the district court complied with *Bostic*. After sentencing Sanders to two and a half years in prison, three years of supervised release, payment of a $100 special assessment and $53,306

in restitution to the Coast Guard, the court asked: "Does either party have any objections to the sentence that they have not previously raised?" Sanders' counsel did not answer the district court's question immediately; instead, he asked to speak with the court, and the transcript shows that he and the court had an off-the-record discussion. After the off-the-record discussion, but before Sanders' counsel could speak, the district court stated that there was "one other condition of supervised release" that the district court "should place on the record that should be in the judgment; that the defendant, while on supervised release, will undergo substance abuse testing and/or treatment at the discretion of the United States Probation Department." The district court apologized for interrupting Sanders' counsel. At that point, Sanders' counsel could have objected to any part of the sentence; instead, he responded by saying "I have nothing to add, Your Honor." Consequently, because Sanders' counsel did not object after the district court gave him the opportunity to do so, we will apply plain error review to all of Sanders' claims except for his challenge to the substantive reasonableness of his sentence.

Under plain error review, Sanders must show that the district court committed: (1) error; (2) that was obvious or clear; (3) that affected his substantial rights; and (4) that affected the fairness, integrity or public reputation of the judicial proceedings. *Vonner*, 516 F.3d at 386 (quotations and citations omitted). We have said that we will find plain error only in exceptional circumstances. *Id.*

The district court did not err in applying a four-level enhancement to his sentence. Section 2A6.1(b)(4) of the United States Sentencing Guidelines provides that the offense level for a hoax may be enhanced by four levels "[i]f the offense resulted in (A) substantial disruption of public,

governmental, or business functions or services; or (B) a substantial expenditure of funds to clean up, decontaminate, or otherwise respond to the offense." U.S.S.G. § 2A6.1(b)(4)(A)-(B).

Here, the sentencing hearing transcript shows the district court did not err in applying the enhancement under U.S.S.G. § 2A6.1(b)(4)(A) for Sanders' having caused a substantial disruption of public or governmental functions or services. The district court noted that about forty Coast Guard personnel, including air and land units, searched approximately ninety miles of Lake Erie coastline in two states, the State of Michigan and the State of Ohio; the district court concluded that Sanders' prank "call was a substantial disruption of the Coast Guard . . . and put the personnel involved at great risk." It was not error, therefore, for the district court to conclude that Sanders' prank caused a substantial disruption to the Coast Guard's operations.

Next, Sanders argues that the district court improperly delegated to the Probation Department the authority to decide whether Sanders should undergo substance abuse testing as a condition of supervised release. Sanders argues that "[f]ixing the terms and conditions of probation is a judicial act which may not be delegated." *Whitehead v. United States*, 155 F.2d 460, 462 (6th Cir. 1946).

Neither the district court's oral pronouncement at sentencing nor the written term in the judgment delegates to the Probation Department the decision whether to require Sanders to participate in substance-abuse testing or treatment as a condition of supervised release. The judgment states that the "defendant shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol." But this is not an explicit delegation to the Probation Department of the decision whether to test Sanders for drugs; rather, this provision simply entrusts

to the discretion of the Probation Department the determination of the kind of testing that Sanders may be required to undergo, while reserving to the court the ultimate decision of whether to require that testing at all. Similarly, the court's pronouncement at sentencing directed that Sanders would undergo substance-abuse testing and/or treatment, but left the specifics to the discretion of the Probation Department.

Next, we review for plain error the procedural reasonableness of Sanders' sentence. Sanders argues that the district court committed plain error by stating that it had "reviewed" the sentencing memorandum and the reports that Sanders submitted from a psychologist and psychiatrist. Sanders requests that this Court vacate the sentence and remand it to the district court with instructions that the district court actually consider Sanders' need for non-custodial treatment.

Our task in determining the procedural reasonableness of a sentence is to "focus less on what the transcript reveals that the court said and more on what the transcript reveals that the court did." *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010). The district court must have conducted a meaningful sentencing hearing and truly have considered Sanders' arguments. *Id.*

Here, the court considered Sanders' arguments–to the extent that he made any–about his sentence. The sentencing hearing transcript shows that Sanders really did not argue that he needed non-custodial treatment. Rather, Sanders' attorney merely told the court that he wanted the court to consider the Presentence Report, because, in his view, it indicated "that an alternative to imprisonment may be more beneficial to society and to my client." Sanders' attorney also asked the court "to consider the two psychiatric reports that were submitted to you." Later, the district court stated that it had reviewed the Presentence Report and the letters from a psychologist and a

psychiatrist which were attached to the Sanders' Sentencing Memorandum. The district court complied with Sanders' attorney's request that he consider these documents. Thus, the record does not show that the district court erred by depriving Sanders' of a meaningful sentencing hearing.

Lastly, we address Sanders' challenge to the substantive reasonableness of the district court's sentence. According to Sanders, the court should have imposed "a sentence that would allow for non-custodial treatment of Mr. Sanders's intellectual deficits." We have held that "substantive reasonableness claims do not need to be raised before the district court to be preserved for appeal." *Freeman*, 640 F.3d at 185 (citations and quotations omitted). We review the substantive reasonableness of Sanders' sentence under the deferential abuse-of-discretion standard. *Id.* (citations and quotations omitted).

We have held that "[a] sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted).

In deciding to impose a sentence that was outside the guidelines, the district court gave equal weight to the pertinent section 3553(a) factors. The court discussed Sanders' characteristics and history. It noted that Sanders had a ninth grade education, and described his past history. The court observed that Sanders had six aliases and three different Social Security numbers. In 1997, Sanders gave false identification to police officers and disrupted them while they interviewed the driver of a car in which he was a passenger. Sanders pleaded guilty to public peace misrepresentation with intent of obstructing the police. Then, in 2006, Sanders pleaded guilty to reckless use of a gun. In

2009, Sanders pleaded guilty to attempted malicious destruction of a building. During that incident, Sanders twice failed to appear for his arraignment, failed to appear for his sentencing hearing and failed to appear for an additional scheduled hearing. In 2006, Sanders pleaded guilty to attempted receiving and concealing stolen property (a motor vehicle). The court concluded that, based on Sanders' history, a sentence of two and a half years would "afford the public a major protection from the commission of further crimes by this defendant, if through no other means than an extended period of incarceration." Given Sanders' past criminal conduct, the district court stated that a sentence outside the guidelines was necessary to deter Sanders from engaging in further criminal conduct.

The district court also explained that a sentence outside of the guidelines was needed to promote Sanders' respect for the law. The court described how even after Sanders called the Coast Guard, he continued "to show a blatant disregard for the laws of this country by encouraging another person to provide false information to the investigating agents in this case." Sanders also tried to evade the investigating agents when they attempted to make contact with him. The court noted that while on bond in this case, Sanders tested positive for marijuana use on October 15, 2010 and January 14, 2011; while seeking out patient treatment, Sanders tested positive for marijuana use on February 1 and March 15, 2011 and on March 1, 2011 for alcohol and marijuana.

Finally, the district court stated that Sanders' sentence should reflect the seriousness of the offense, which the court found to be "great." The court explained that Sanders' offense was serious not only because of the money the Coast Guard spent to mount the thirty-eight person search, but also because the prank unnecessarily exposed the Coast Guard personnel to the risks inherent in any

search-and-rescue operation. Furthermore, the offense was serious because the prank call, by diverting personnel, limited the Coast Guard's ability to investigate any actual emergency calls had any such distress calls been made. The district court noted that Sanders' offense is so serious that Congress has provided that a violation of this law may result in up to a six year term of imprisonment.

Based on this record, we cannot say that the district court abused its discretion in sentencing Sanders.

For the reasons set forth above, we **AFFIRM.**