HELENE N. WHITE, Circuit Judge,
concurring in part, dissenting in part.
I concur in the majority’s determinations that the district court had authority to order restitution in favor of the Canadian Armed Forces and that the amount is *571 adequately supported by the record. I dissent from the affirmance of the amount of the obligation imposed under 14 U.S.C. § 88(c).
The question is whether 14 U.S.C. § 88(c), which imposes liability for “all costs the Coast Guard incurs as a result of’ a false distress message, contemplates the use of the standard reimbursable rates (“user charges”) adopted pursuant to 31 U.S.C. § 9701 and Office of Management and Budget Circular No. A-25. I do not believe it does.
As noted by the majority, OMB A-25 directs that user charges include “an appropriate share of’ both direct and indirect costs, including items such as management and supervisory costs, consulting, an annual rate of return, costs of establishing standards, any required environmental impact statements, physical overhead, utilities, depreciation of buildings, costs of supplies, insurance, and unfunded retirement costs. In short, OMB A-25 requires an agency such as the Coast Guard to compute for the open market the “full cost” of its services, which includes all the direct and indirect costs that go into running, maintaining, housing, improving and managing the Coast Guard.
14 U.S.C. § 88(c), enacted in 1990, long after § 9701 became law, is a specific statute speaking directly to the penalties to be imposed on a person who makes a false report to the Coast Guard. Its clear purpose is to require the offender to pay all costs resulting from the false report. Had Congress intended that those costs include general overhead and indirect costs of the type included in user charges established under § 9701 it would have been a simple matter for Congress to refer to § 9701, or any schedule of user charges promulgated pursuant to that provision. However, § 9701 is not cross referenced and user charges are not mentioned. Instead, the focus of § 88(c) is all costs resulting from the false report.
Indirect costs and overhead are appropriately included in calculating the “full cost” of a benefit or service for the purpose of calculating a figure that approximates what that benefit or service might cost on the open market, which is the purpose of § 9701. However, these indirect costs are not what one would normally associate with “all costs the Coast Guard incurs as a result of’ the false report. Overhead and administrative costs related to research, headquarters, payroll processing, environmental impact studies, building maintenance, and other similar expenses are hardly costs incurred as a result of Kumar’s false report.
Further, I find little guidance in the cases cited by the majority. United States v. Sanders, 511 Fed.Appx. 463, 465 (6th Cir.2013), an unpublished opinion, simply states that the defendant was ordered to pay $53,306 in restitution to the Coast Guard. The amount assessed was not a subject of the appeal, and the opinion includes no discussion of how that amount was calculated. Nor does the district court record in that case support the majority’s position. The $53,306 figure is found in a spreadsheet attachment to the sentencing transcript as Exhibit B. This spreadsheet lists the personnel involved in the search, the number of hours they were involved, their pay grade, and the hourly rate. It also provides an hourly rate for equipment. There is no information regarding the source of the hourly rates.
United States v. Emil, 56 F.3d 65, No. 94-1871, 1995 WL 322455, at *1 (6th Cir. May 26, 1995), too, is an unpublished opinion that simply states the amount of restitution ordered by the district court, $5,177.28, without any discussion. United States v. Crockett, No. 3:09-cr-345 (N.D.Ohio Jan. 19, 2010), is a district court *572 case in which restitution of $112,735.70 was imposed under § 88(c), but nothing in the record indicates how the amount was calculated.
United States v. James, 986 F.2d 441 (11th Cir.1993), does address the amount of restitution ordered. But the issue there was whether the district court properly included costs associated with locating James’ boat after the Coast Guard realized that his distress reports were a hoax. James argued that the additional amounts were not properly assessed because § 88(c) by its terms is limited to costs the Coast Guard incurs when attempting “to save lives and property when no help is needed,” and § 89, which deals with law enforcement, has no provision for the repayment of costs incurred as a result of law enforcement efforts. The court rejected James’ argument, concluding that § 88(c) “requires that James be held liable for all costs the Coast Guard incurred in responding to James’ false distress message.” James, 986 F.2d at 444. The court continued, “but for James’ actions, the Coast Guard would not have expended any resources on a search and rescue mission and subsequent apprehension,” and observed that the line between search and rescue on the one hand and law enforcement on the other may be blurred as a mission develops the sense that there may be a hoax, but continues to search and verify that no one is in danger before terminating a search. Id. (emphasis in original). James has no relevance to the question whether user charges calculated pursuant to § 9701’s all-inclusive approach are properly used to determine the costs incurred as a result of a false distress message.[1]
United States v. Haun, No. 5:06-cr-18-001/RS (N.D.Fla. Aug. 16, 2006), a northern district of Florida case, did involve user charges established pursuant to § 9701. However, in that case the defendant challenged the use of “outside government” rates rather than the lesser “in government” rates. The district court determined that “all costs” properly included the pension and other costs that were in the outside-government rate but not the in-government rate. The threshold question whether it is proper to the use § 9701 rates to determine amounts owed under § 88(c) was assumed, but not addressed.
Section 88(c) speaks of all costs incurred as a result of the false report; in contrast, § 9701 and OMB A-25 speak of including all costs, direct and indirect, in an effort to price a good or service as it would be priced on the open market and account for all overhead costs that are necessary to run the overall operation but do not result from the fact that the particular good or service was produced or rendered. User charges calculated pursuant to the latter provisions include elements that are not related to a false distress signal and produce an inflated cost figure. I would remand for an adjustment of the penalty imposed under § 88(c).

. I note also that the James court stated that § 88(c) has "no recorded legislative history." However, in the Congressional Record, Representative Studds of Massachusetts, the sponsor of the bill, stated: “If you make a hoax call to the Coast Guard, and the Coast Guard sends out a helicopter or a patrol boat in response, you will be liable for every penny of the Coast Guard’s increased operating expenses resulting from the call.” 136 Cong. Rec. 7270 (daily ed. Sept. 10, 1990) (H726902, H7270).