NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0897n.06

No. 14-3075

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 03, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE SOUTHERN DISTRICT OF |
| KORWYN K. MOORE, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Korwyn K. Moore challenges his 57-month sentence as procedurally unreasonable. For the reasons given below, we affirm Moore's sentence.

Pursuant to a plea agreement, Moore pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Moore's presentence report set forth an advisory guidelines range of 46 to 57 months of imprisonment based on a total offense level of 19 and a criminal-history category of IV. Prior to sentencing, Moore filed a sentencing memorandum requesting a below-guidelines sentence on the basis that his criminal-history category over-represented the seriousness of his criminal history and that such a sentence would be sufficient, but not greater than necessary, to satisfy the sentencing purposes set out in 18 U.S.C. § 3553(a). The district court sentenced Moore to 57 months of imprisonment, followed by two years of supervised release.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On appeal, Moore contends that the district court procedurally erred by failing to consider the mitigating factors that he raised at sentencing. When the district court asked at the conclusion of the sentencing hearing if there were any procedural or substantive objections to Moore's sentence, defense counsel responded, "We would make objections on both grounds, Your Honor, just to preserve the record." (R. 25, Sentencing Tr. 17, Page ID # 109). *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Where, as here, "a party answers the *Bostic* question in the affirmative, but at such a high degree of generality that the district court has no opportunity to correct its purported error and the court of appeals has been deprived of a more detailed record to review," we review for plain error. *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009). Moore must "show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks omitted).

The district court "must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010). The district court is not, however, required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387. Ultimately, to impose a procedurally reasonable sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Moore contends that the district court failed to consider his father's incarceration in a federal prison and his upbringing in a bad neighborhood. Moore did not raise the argument that he grew up in a bad neighborhood in his sentencing memorandum or in his statement during the

sentencing hearing, though he did advert to coming from a "quintessential broken home" as a result of his father's incarceration. According to his presentence report, Moore "reported a 'good' upbringing." (PSR 11). Moore did assert the lack of a male role model in his statement at sentencing, which the district court expressly considered: "But I heard what you said on your statement. And I think that you had a tough road [sic] to hoe." (R. 25, Sentencing Tr. 14-15, Page ID # 106-07).

Moore also asserts that the district court failed to consider the need for rehabilitation and vocational training rather than a lengthy prison sentence. The district court considered this argument and took a different view:

> On balance, you know, in terms of paying dues, I think you need to pay your dues. And the only way you are going to go forward productively is after you have done the dues. If you come back and you stop drinking and you stop doing guns. It will be up to you. You got some family support. I hope you get there.

(*Id*. at 15-16, Page ID # 107-08). The district court recommended Moore's participation in the 500-hour substance-abuse-treatment program and ordered his participation in substance-abuse and mental-health assessment and treatment upon his release.

Finally, Moore contends that the district court failed to consider that his criminal-history category over-represented the seriousness of his criminal history. Moore asserted that eight of his nine criminal-history points arose from a single incident of criminal conduct. That single incident resulted in multiple convictions of crimes of violence involving a firearm. In concluding that a within-guidelines sentence was appropriate, the district court considered Moore's criminal history as well as his pending murder charge:

> The guidelines wherever you are on that range is presumed presumptively to be [an] appropriate and fair sentence. Takes into consideration all of the factors. When you look at the factors, the nature and circumstances of the offense, this

firearm stuff with you is just a horrible combination, it exacerbates the problem here.

Your record of what you have been doing with your life just flat out hustling with guns and stuff, that doesn't help either. The sentencing range is what it is. You know people get sentenced at the top and the bottom.

The matter that is pending, you know, you are presumed not guilty. It is part of your history and characteristics though. There is a pending charge.

(*Id*. at 15, Page ID # 107).

Moore has failed to demonstrate that the district court committed plain procedural error.

Accordingly, we AFFIRM Moore's sentence.