NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0307n.06

No. 14-3948

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jun 08, 2016

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| NANCY SADLER | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| Defendant-Appellant. | ) | OHIO |
| | ) | |
| | ) | |

Before: KETHLEDGE, DONALD and ROTH, Circuit Judges[*]

ROTH, Circuit Judge.

Nancy Sadler appeals the Southern District of Ohio's imposition of a 156-month sentence after this court vacated one of her convictions on appeal and remanded the remaining convictions for resentencing. For the reasons that follow, we affirm.

**I.**

On July 28, 2010, a grand jury indicted Sadler for conduct relating to Sadler's role in managing a pain clinic in southern Ohio. This clinic, operating under the name "Ohio Medical and Pain Management," was alleged to be a scheme on the part of Sadler, her husband, and her

---

[*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

brother-in-law to illegally distribute prescription drugs. In exchange for a $150 out-of-pocket "appointment fee," Sadler prescribed pain medication to the clinic's patients, some of whom were fabricated in order to move a greater volume of drugs. In addition to indiscriminately prescribing drugs, Sadler and her co-conspirators sold individual pills to nonpatient customers outside the clinic.

Sadler was eventually convicted on four counts: (1) conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841, (2) maintaining a drug-involved premises in violation of 21 U.S.C. § 856, (3) wire fraud in violation of 18 U.S.C. § 1343, and (4) money laundering in violation of 18 U.S.C. § 1956. The district court sentenced Sadler to a term of 210 months on December 24, 2012. This sentence represented the maximum possible sentence the district court could impose based on the calculated Guidelines range for Sadler's offenses. According to the district court, Sadler's high sentence was imposed because of her repeated and unrepentant criminal conduct: while managing Ohio Medical and Pain Management, Sadler was on probation for charges stemming from her involvement in another pain clinic.

In her first appeal to this court, Sadler challenged the sufficiency of the evidence underlying two of her four convictions in addition to challenging the reasonableness of her sentence. The court rejected her sentencing arguments and one of her sufficiency challenges, but held that the evidence was insufficient to sustain a conviction of wire fraud, which requires evidence that an individual has used interstate communications to carry out a scheme "intended to deprive [people] of their money or property." *United States v. Sadler*, 750 F.3d 585, 590 (6th Cir. 2014) (internal quotation marks omitted) (alteration in original). The court concluded there was no evidence that Sadler's scheme had deprived anyone of money or property. As a result, the wire fraud conviction was vacated, and Sadler's case was remanded for further proceedings.

Both parties agreed to resentencing following remand. Prior to resentencing, Sadler's probation officer was directed by the district court to supplement the presentence investigation report with any new information. The probation officer offered three additional conclusions: (1) the vacatur of Sadler's wire fraud conviction resulted in the same Guidelines range; (2) Sadler had maintained a good disciplinary record while serving her sentence; and (3) the Bureau of Prisons designated Sadler at the "Care 2" level, meaning that she required medical care for chronic ailments but that her overall condition remained stable.

Sadler submitted a brief arguing for a reduction in her sentence because the vacated wire fraud conviction, while not reducing the applicable Guidelines range, lessened the seriousness of Sadler's offenses and made recidivism less of a concern. Sadler additionally argued that the court should consider her good behavior in imposing a lesser sentence. Sadler sent a statement summarizing her medical issues directly to the district court, but this statement was never formally filed with the court. In addition to opposing any reduction in Sadler's sentence, the government submitted a supplemental memorandum to address an amendment to the Guidelines, known as Amendment 782, scheduled to take effect shortly after Sadler's resentencing. United States Sentencing Commission, *Amendment to the Sentencing Guidelines* (July 18, 2014), *available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RF_Amendment782.pdf. The government's memorandum noted that Amendment 782, if applied to Sadler, would reduce her base offense level and thus reduce her Guidelines range. The government agreed not to oppose early application of Amendment 782, though it continued to urge the court to not reduce Sadler's sentence.

At the resentencing hearing, the district court acknowledged on the record that it had received and reviewed the materials submitted by both parties. Sadler made an additional

argument at the hearing that her medical condition made her prison time harder than it would be for someone without her ailments; therefore she should be subjected to a lighter sentence. Lastly, Sadler indicated support for the application of Amendment 782 and the resulting reduction in her Guidelines range.

Before announcing its sentence, the district court emphasized that Sadler's charged conduct had occurred while she was on probation for a conviction stemming from her involvement in another pain clinic. The court also recalled Sadler's attitude and behavior during the trial and at other court appearances, but noted that Sadler's positive prison record indicated that she may have finally started to turn herself around. The court acknowledged that the offenses of which Sadler had been convicted were serious and that the vacatur of the wire fraud conviction did not affect this determination.

The district court ultimately decided to apply Amendment 782, reducing Sadler's Guidelines range to 135-168 months. The district court imposed a sentence of 156 months, noting that Sadler's offenses were still serious, but that Sadler's positive prison record entitled her to a reduction. This appeal followed.

**II.**

On appeal, Sadler challenges the procedural and substantive reasonableness of her sentence. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the district court's sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. A court of appeals may set aside a sentence it finds to be unreasonable. *United States v. Booker*, 543 U.S. 220, 261-62 (2005). We review sentences for procedural and substantive reasonableness under an abuse-of-discretion standard. *United States v. Cooper*, 739 F.3d 873, 883 (6th Cir. 2014).

Sadler alleges that the district court procedurally erred by failing to address on the record all of her arguments for a lesser sentence, which it is required to do by statute, *see* 18 U.S.C. § 3553(c). Substantively, Saddler alleges that the district court did not consider the vacatur of Sadler's wire fraud conviction as it related to the seriousness of her offenses and instead only considered the vacatur as it related to the applicable Guidelines range. We will consider each of these arguments in turn.

**A.**

Sadler first claims that the district court's sentence was procedurally unreasonable because the district court failed to consider her argument that her various medical ailments entitled her to a reduced sentence. A district court imposes a procedurally unreasonable sentence when it has not "adequately articulated its reasoning for imposing the chosen sentence, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range." *United States v. Petrus*, 588 F.3d 347, 351-52 (6th Cir. 2009) (citing *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)). When a defendant raises a nonfrivolous argument for a lesser sentence, "the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *United States v. Lalonde*, 509 F.3d 750, 770 (6th Cir. 2007). However, a district court is not required to respond to each of the defendant's arguments point-by-point, so long as the court conducts "a meaningful sentencing hearing and truly consider[s] the defendant's arguments." *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010).

We would note that Sadler's counsel at resentencing failed to object to any error. Where the sentencing judge, after announcing the sentence, asks if either party has any objections not previously raised and the relevant party does not object, a procedural reasonableness challenge is reviewed under the plain error standard. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). The district court made such an inquiry here, and Sadler's counsel did not object. Had he done so, the district court would have had an opportunity to quickly resolve any alleged error, and this appeal might have been avoided. Because Sadler did not afford the district court this opportunity, she faces the more rigorous plain error standard on review. Plain error review requires Sadler to show "(1) error (2) that was 'obvious or clear,' (3) that 'affected [her] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation'" of the sentencing hearing. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

At resentencing, Sadler argued for a lesser sentence on three grounds: the vacatur of her wire fraud conviction, her good behavior while serving her sentence, and her medical condition. Because the sentence ultimately imposed on Sadler was within the calculated Guidelines range, the district court need not offer an extensive explanation for why it rejected these arguments. *See Vonner*, 516 F.3d at 387 (discussing a distinction between the level of explanation required for outside- and within-Guidelines sentences); *see also Rita v. United States*, 551 U.S. 338, 357-59 (2007) (finding extensive discussion for a within-Guidelines sentence unnecessary "[w]here a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments."). Whether any error was plain in this context depends on whether "the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took

them into account in sentencing [her]." *Vonner*, 516 F.3d at 387 (internal quotation marks omitted).

Sadler's argument that her medical condition entitled her to a reduced sentence was a "conceptually simple" argument. Contrary to Sadler's position on appeal, the number and type of ailments afflicting her, while perhaps bearing on the complexity of the treatment she must receive, do not bear on the complexity of her argument. Sadler's position, succinctly summarized by her counsel at resentencing, is that "her medical situation is such that perhaps the time she is serving is harder, is more difficult, than the time which would be served by someone without all her medical ailments." The record makes clear that the district court considered this argument: both Sadler and the probation officer were questioned about Sadler's medical condition at the resentencing hearing, and the court told Sadler that it had received and reviewed Sadler's medical information. We acknowledge that the sentencing judge "might have added explicitly that [s]he had heard and considered the evidence and argument . . . and that [s]he found that [the defendant's] personal circumstances here were simply not enough to warrant a different sentence." *Rita*, 551 U.S. at 359. But the record before us leaves little doubt that Sadler's argument was considered (and rejected) by the district court. We therefore hold that no plain error occurred.

**B.**

In addition to challenging the procedural reasonableness of the district court's sentence, Sadler challenges the sentence as being substantively unreasonable. A sentence may be considered substantively unreasonable under an abuse-of-discretion standard of review when the district court fails to consider certain relevant sentencing factors or gives an unreasonable

amount of weight to one of the sentencing factors.  *Cooper*, 739 F.3d at 883.  According to Sadler, the district court considered the vacatur of her wire fraud conviction only as it affected her applicable Guidelines range and thus gave an unreasonable amount of weight to the Sentencing Guidelines.  Specifically, Sadler argues that the vacatur had an unconsidered impact on the "nature and circumstances" of her offenses.  However, before announcing Sadler's sentence, the district court acknowledged Sadler's argument "that the lack of a wire fraud conviction lessens the overall seriousness of her crimes."  The district court responded to this argument by focusing on other factors that made Sadler's offenses of conviction serious, including her "key role in the operation of the clinic," and noted that the vacatur of Sadler's wire fraud conviction did nothing to lessen the seriousness of the remaining convictions.  Sadler responds that these statements evince no consideration of the "nature and circumstances" of her offenses and were made specifically in reference to calculation of Sadler's Guidelines range. But this level of consideration was not necessary for the district court to determine that Sadler's Guidelines range would remain the same:  the district court knew, from the report of Sadler's probation officer and from Sadler's own admission, that but for application of Amendment 782, the Guidelines range would remain unchanged after the vacatur of Sadler's wire fraud conviction.  Because the district court discussed the impact of the vacated wire fraud conviction on the seriousness of Sadler's offenses, we conclude that the district court did not abuse its discretion in announcing Sadler's sentence.

## III

For the above reasons, we affirm.