NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0089n.06

No. 17-5566

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Feb 23, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
|  | ) |  |
| EDWIN A. VELASQUEZ CURUCHICHE, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: SILER, BATCHELDER, and DONALD, Circuit Judges.

PER CURIAM. Edwin A. Velasquez Curuchiche appeals his 600-month sentence for producing child pornography. As set forth below, we affirm Curuchiche's sentence.

Curuchiche pleaded guilty without a plea agreement to two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), which makes it a crime to produce a visual depiction of a minor engaging in sexually explicit conduct "if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." According to the presentence report, Curuchiche, a citizen of Guatemala residing in the United States illegally, befriended a family living near him. On two occasions, Curuchiche sneaked into the family's home at night, touched and digitally penetrated the six-year-old daughter's genitals, and made videos of that sexual conduct. Curuchiche's total offense level of 42 and criminal history category of I corresponded to a guidelines range of 360 months to life, which was capped at

720 months due to the 30-year statutory maximum for each count. *See* 18 U.S.C. § 2251(e); USSG § 5G1.2(d). After considering the factors under 18 U.S.C. § 3553(a), the district court sentenced Curuchiche to consecutive terms of 300 months of imprisonment on each count.

In this timely appeal, Curuchiche argues that his 600-month sentence is procedurally unreasonable because the district court failed to address three non-frivolous arguments for leniency: (1) the relative severity of his conduct, (2) the comparison to state sentences for similar conduct, and (3) his imminent deportation. Because at sentencing Curuchiche did not object to the district court's purported failure to address these arguments when given the opportunity to do so, we review for plain error, *see United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), requiring him "to show (1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

The district court "must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010). The district court is not, however, required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387; *see United States v. Odeh*, 815 F.3d 968, 983 (6th Cir. 2016) ("[A] sentencing court need not, in a 'point-by-point' fashion, respond to each mitigation argument offered by a defendant."). On appeal, we must determine whether, based on the entire sentencing record, "the district court fulfilled [its] obligation" to "conduct a meaningful sentencing hearing and truly consider the defendant's arguments." *Gunter*, 620 F.3d at 646.

The district court fulfilled that obligation. Both parties referred to sentences imposed in other cases involving production of child pornography—the government pointing to 50-year and 80-year sentences and Curuchiche pointing to a 27-year sentence. Curuchiche asserted that his conduct was not the "worst of the worst" and was less severe than the conduct in the case in which the government agreed to a 27-year sentence. The district court emphasized that the nature and circumstances of Curuchiche's offense were "extremely bad," declining "to engage in whether or not it's the worst of the worst." The district court expressly acknowledged the parties' arguments regarding the sentences imposed in other cases and discerned no sentence disparities in light of the specific facts of Curuchiche's case. The district court also acknowledged Curuchiche's argument that his conduct was more akin to a state sex offense subject to a lesser penalty than a federal child pornography offense because he did not distribute the videos. But the offense to which Curuchiche pleaded guilty does not require distribution, and while the district court recognized that there was no proof of distribution, the court pointed out that "it's clear that he was going to use these [videos] and probably did use them for his own personal sexual gratification."

Curuchiche further argued for consideration of his imminent deportation in fashioning an appropriate sentence. The district court acknowledged that Curuchiche sought a 15-year mandatory minimum sentence on both counts to run concurrently, followed by deportation. In addressing the nature and circumstances of Curuchiche's offense, the district court observed that the guidelines failed to take into account certain exacerbating facts, such as his unlawful presence in the United States. This statement indicates that the district court viewed Curuchiche's immigration status as warranting a more, rather than less, severe sentence.

Curuchiche has failed to demonstrate that the district court erred, let alone plainly erred. The record reflects that the district court conducted a meaningful sentencing hearing and considered Curuchiche's arguments. Accordingly, we **AFFIRM** Curuchiche's sentence.