NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0199n.06

Case No. 17-4013

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 16, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| ALLEN L. TYES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE: BATCHELDER, McKEAGUE, and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.** Allen Tyes pled guilty to possessing a firearm as a felon and received a within-Guidelines prison sentence of 61 months. The district court had been prepared to impose an even harsher sentence, but it credited Tyes's argument that a lower sentence would "balance an inequity" in his Guidelines calculation. Unhappy that the district court's mitigation did not go farther, Tyes asserts for the first time on appeal that the district court never considered the very argument that caught him a break. Finding no error, we affirm.

I

In March 2017, Allen Tyes pled guilty to possessing a firearm as a felon without the benefit of a plea agreement. Relevant to this appeal, Tyes's revised final presentence report (PSR) relied upon his 2002 conviction for attempted felonious assault to assign additional criminal history points under U.S.S.G § 4A.1.1(a) and an increase in the base-offense level under § 2K2.1(a)(4)(A).

Counting this conviction carried considerable consequence. If his 2002 conviction had not been scored, Tyes's Guidelines range would have been 27 to 33 months instead of 51 to 63 months. Tyes thus objected to any reliance on that conviction, arguing that the state court "invalidly imposed" a 150-day parole revocation sentence that had increased his total sentence to 18 months (and thus triggered the harsher Guidelines range). The district court rejected that argument, noting that binding caselaw foreclosed it from sustaining the objection, which was essentially "a collateral attack on the state court judgment." *See United States v. Aguilar-Diaz*, 626 F.3d 265 (6th Cir. 2010).

Undeterred, Tyes requested that the district court nevertheless grant a downward variance from the Guidelines range based on the circumstances surrounding the scoring of his 2002 conviction. Tyes argued that because he no longer had any legal remedy for the allegedly improper imposition of his parole revocation sentence, it was "inequitable" to subject him to the higher sentence calculated according to the Guidelines. In overruling Tyes's objection, the district court stated it would indeed "consider [his equity argument] in terms of the ultimate sentence."

The district court ultimately rejected any argument for a downward variance and sentenced Tyes to the high end of the resulting Guidelines range, citing the nature and circumstances of the offense and Tyes's history and characteristics in great detail, along with the other 18 U.S.C. § 3553(a) factors. Crucially, the court noted, Tyes's third conviction for an identical offense "is really unusual," placing Tyes "in a category of [his] own." After announcing a 61-month sentence, the court engaged in a colloquy with Tyes's counsel:

THE COURT: Mr. Pagano, does Mr. Tyes object to the sentence?

MR. PAGANO: No, Your Honor.

. . . .

>THE COURT: Any additions, comments, or objections that we have not covered, Mr. Pagano?

>MR. PAGANO: No, sir.

After it received these assurances, the court noted it had indeed considered the circumstances surrounding Tyes's 2002 conviction—"or else [it] would have hammered [him] a lot harder."

**II**

On appeal, Tyes asserts for the first time that the district court never *considered* his argument that the circumstances surrounding his 2002 conviction rendered a within-Guidelines sentence inequitable. *See United States v. Gunter*, 620 F.3d 642, 645–46 (6th Cir. 2010) (noting "as a part of its sentencing procedure, a court must consider all non-frivolous arguments in support of a lower sentence"). Tyes bears a heavy burden under these circumstances.

Generally, a defendant must show the district court *abused its discretion* in imposing its sentence. This alone would present a heavy lift for Tyes because "we apply a presumption of reasonableness to within-Guidelines sentences." *United States v. Kamper*, 748 F.3d 728, 739–40 (6th Cir. 2014). But because Tyes failed to raise his procedural objection below, he admits he must show the district court *committed plain error*—"(1) error, (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights,' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006))); *see, e.g.*, *United States v. Lumbard*, 706 F.3d 716, 725 (6th Cir. 2013) (invoking plain-error review where a defendant did not raise procedural objections at sentencing when given an opportunity to do so). This presents an even heavier lift for Tyes because "'only in exceptional circumstances' will we find such error—only, we have said, 'where the error is so plain that the trial judge . . . was derelict in countenancing it.'" *Vonner*, 516 F.3d at 386 (quoting *Gardiner*, 463 F.3d at 459).

In arguing that the district court plainly erred, Tyes admits "[t]he district court mentioned balancing of equities." Forecasting the weakness in his argument, he nevertheless asserts "the district court never *directly* addressed [his] equity argument involving the use of the 2002 prior conviction." To be sure, failing to address a defendant's argument can constitute "significant and reversible procedural error" in rare circumstances. *See, e.g.*, *United States v. Gapinski*, 561 F.3d 467, 473–75 (6th Cir. 2006). But as we have consistently noted, "a district court's failure to address each argument . . . head-on will not lead to automatic vacatur if the context and the record makes the court's reasoning clear." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (internal quotation marks omitted) (collecting cases). Good reasons abound for this rule, particularly where the district court imposes a within-Guidelines sentence. "Circumstances may well make clear that the judge rests his decision upon the [United States Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Contrary to Tyes's brazen assertion, the district court explicitly considered his equity argument in imposing a within-Guidelines sentence. In overruling his objection to the Guidelines calculation, the court stated:

> I will consider your argument in mitigation when imposing sentence; but as far as the law, it's with the government, and they correctly cite the Sixth Circuit controlling law, which I am obligated to follow.
>
> So unfortunately I cannot sustain your objection to the criminal history calculation. I must go with the government and overrule it. Again, I will consider it in terms of the ultimate sentence . . . .

4

But the district court didn't just *consider* Tyes' argument; it *credited* it. After announcing its sentence, the court explained that absent his equity argument, it had been prepared to impose an even harsher sentence.

> Okay. Mr. Tyes, I have to tell you this: You may not see it this way, but I mitigated your sentence. You may not see 61 months as a mitigation of your sentence, but I was prepared to go above that and give you 70-something months for your third time; but I took into consideration what Mr. Pagano argued happened in state court. Even though we cannot collaterally attack that, I took that into consideration, or else I would have hammered you a lot harder. Just so you know that.

As the transcript lays bare, the very argument that Tyes asserts was never considered earned him a reduction. That the district court weighed the § 3553(a) factors and started at an above-Guidelines sentence prior to mitigation does not mean it failed to consider Tyes's equity argument. The court simply assigned greater weight to other factors on the sentencing scale than Tyes would have preferred. *Cf. Vonner*, 516 F.3d at 391 ("[T]his also was a classically 'mine run,' within-guidelines case"—"[a]nd if it was not, that was only because Vonner had a real risk of obtaining an *upward* variance.").

In sum, the record undoubtedly demonstrates the district court's consideration went well beyond prior cases where we have found a defendant "cannot show any error, much less plain error." *Id.* at 388 (rejecting a procedural challenge where the district court "did not specifically address all of [the defendant's] arguments for leniency"). Indeed, if any error is plain in this case, it can be found in an appellate brief, not the sentencing transcript. Having rejected Tyes's argument that his sentence is procedurally unreasonable, we **AFFIRM**.