NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0182n.06

Case No. 20-5909

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 12, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DAVIEN STOKES, | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

BEFORE: CLAY, SUTTON, and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge. The police found Davien Stokes unconscious in the driver's seat of an idling car at a shopping center. As it turned out, Stokes was not just unconscious. He also had a gun, ammunition, alcohol, drugs, no valid driver's license, and was a convicted felon eight times over. All of this led to a guilty plea for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1).

The probation office calculated a Sentencing Guidelines range of 180 to 210 months and recommended a 210-month sentence. Stokes asked for 180 months, emphasizing his difficult upbringing and mental health challenges, among other mitigating circumstances. The court imposed a 210-month sentence. Stokes appeals, challenging the procedural and substantive reasonableness of his sentence. We affirm.

*Procedural Reasonableness.* In challenging the procedural reasonableness of his sentence, Stokes claims that the district court failed to address various arguments he made in favor of a lower sentence. Because Stokes did not raise this issue below, even after the court repeatedly asked if he had any objections to his sentence, he can prevail only by showing a plain error that affected his substantial rights and the fundamental fairness of the sentencing proceeding. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

A sentencing court must adequately explain why it chooses a sentence. *See Gall v. United States*, 552 U.S. 38, 50 (2007). With that duty comes an obligation to address nonfrivolous arguments for a lower sentence. *See United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010). The court is not required to engage in a formulaic, point-by-point rebuttal of such arguments, *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010), nor need its basis for rejecting them be "explicit or specific," *United States v. Richardson*, 948 F.3d 733, 743 (6th Cir. 2020) (quotation omitted). What matters is whether "the record" shows that "'the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Vonner*, 516 F.3d at 387 (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)).

The district court satisfied this duty, noting each of "the high points" of its reasoning for imposing a within-guidelines sentence. R.69 at 49. It explained that the sentence was based on the seriousness of the felon-in-possession offense and the need to protect the public and ensure adequate respect for the law. It reasoned that Stokes's criminal history and the circumstances of his illegal gun possession—with ammunition, alcohol, drugs, and in a public place—created "several recipes for disaster in the making." *Id.* at 48. It sought to "avoid unwarranted disparities in sentencing." *Id.* at 49. And it applied the § 3553(a) sentencing factors, which "more than

adequately justif[ied] the sentence in this case." *Id.* at 49. This explanation sufficed for this within-guidelines sentence, for "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356.

The district court also "listened to each argument" Stokes raised and "considered the supporting evidence" he presented regarding age and recidivism, his prior sentences and their relation to deterrence, and the effect of his childhood abuse, mental illness, and substance abuse on his culpability. *Id.* at 358. As Stokes acknowledges, the court said "it would not give short shrift to [his] mental health history" and "acknowledged that he had a rough life." Appellant's Br. 35. And it explained that "[d]efendants who commit criminal acts that are attributable to a disadvantaged background or to emotional and mental problems may be less culpable than [d]efendants who have no such excuse." R.69 at 32. The court was "'fully aware' of [Stokes's] circumstances and took 'them into account' in sentencing him." *Vonner*, 516 F.3d at 387 (quoting *Rita*, 551 U.S. at 358). No procedural error, let alone a plain one, occurred.

*Substantive Reasonableness*. On appeal, a within-guidelines sentence is presumptively reasonable. *Id.* at 389–90. A defendant can rebut the presumption if a district court chose a sentence arbitrarily, based it on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave unreasonable weight to any one factor. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). We review for abuse of discretion. *United States v. Sherrill*, 972 F.3d 752, 769 (6th Cir. 2020).

No such abuse occurred. The district court properly focused on the § 3553(a) factors and underscored the ones it found most relevant: seriousness of the offense, the need to protect the public, the need to promote respect for the law, Stokes's extensive criminal history, and the need to avoid unwarranted sentencing disparities. It based the sentence on those factors, did not place

undue weight on any one of them, and did not consider any illegitimate factors. This sentence was substantively reasonable.

Stokes pushes back, alleging that the district court placed too much weight on his criminal history and not enough weight on his history of childhood abuse, mental illness, and substance abuse. No doubt, the court might have weighed the factors differently, but that reality alone does not create an abuse of discretion.

Nor does Stokes make any headway in claiming that the court relied on uncharged or acquitted conduct. The reality is the opposite. The court said it would not rely on such conduct, even though it had authority to consider it. *See United States v. White*, 551 F.3d 381, 383–84 (6th Cir. 2008) (en banc). In assessing this record, it is true, the court acknowledged that "[s]ometimes it's challenging to overlook" uncharged or acquitted conduct and that it would "try to focus on" the "convicted conduct." R.69 at 33. But the comment confirms that the court was being *more generous* to Stokes than the law required, as it could have considered any record-supported "uncharged or even acquitted criminal conduct" in sentencing him. *United States v. Rankin*, 929 F.3d 399, 407 (6th Cir. 2019).

Stokes also points to the court's comment that his presentence report was one of the lengthier ones it had seen. He claims this comment shows that the court placed too much weight on his criminal history, given that almost half the presentence report described Stokes's mitigating circumstances, not his criminal history. But the length of the report was not a reason for the sentence the court chose. Having read the presentence report, the court was aware that much of its length was attributable to mitigating circumstances. That is consistent with a defendant who, like Stokes, has a lengthy criminal history. No abuse of discretion occurred.

We affirm.