NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0422n.06

No. 22-2127

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 02, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANTWAN PETERSON,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Antwan Peterson appeals the sentence imposed by the district court when it revoked his supervised release. We reject his arguments and affirm.

In 2015, Peterson was convicted of conspiracy to distribute heroin. The district court sentenced him to 27 months' imprisonment and three years of supervised release, the conditions for which included that Peterson commit no federal, state, or local crimes. Peterson was released from prison in late 2016, but the next day violated the terms of his supervision when—in one incident—he drove into another car while driving on a suspended license, and then fled from police. The district court thereafter revoked Peterson's supervised release and sentenced him to seven months in prison and three more years of supervised release.

Peterson began his most recent period of supervision in August 2020. In February 2022, while still under supervision, Peterson was arrested after selling fentanyl to an undercover officer on nine occasions. On two occasions, Peterson sold the officer methamphetamine as well. Police

later searched Peterson's apartment and discovered scales, packaging materials, and baggies with cutting agents, among other evidence of drug trafficking. Peterson was thereafter charged in state court with 11 counts of delivery of a controlled substance and with maintaining a drug house. As a result, a federal probation officer petitioned the district court to revoke Peterson's supervised release, alleging 13 separate violations (nine for distribution of fentanyl, two for distribution of methamphetamine, one for maintaining a drug house, and another for his failure to maintain employment) of the conditions of his release.

Two months later—based largely on that same conduct—a federal grand jury indicted Peterson on nine counts of distributing a controlled substance in violation 21 U.S.C. § 841(a). Peterson pled guilty to count seven of the indictment, which charged him with distribution of fentanyl and methamphetamine. His guidelines range for that offense was 262-327 months' imprisonment. Peterson also admitted all 13 violations of his supervised release. Although the district court determined that the guidelines range for those violations was 30-37 months' imprisonment, the statutory-maximum sentence was 24 months. The court later held a consolidated sentencing hearing, during which it imposed a 262-month sentence for the new § 841(a) charge and a 24-month sentence for the supervised-release violations, to be served consecutively.

Peterson now argues that his 24-month sentence was procedurally unreasonable because, he says, the district court did not adequately explain its reasons for the sentence. Specifically, Peterson contends that the district court explained only its reasons for the 262-month sentence and not for the 24-month sentence. Peterson failed to make this argument below, so we review for plain error. *See United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). To be plain, an error must be obvious or clear and must affect the defendant's substantial rights and the fairness

of the judicial proceedings. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

A district court adequately explains a sentence when it addresses the relevant factors from 18 U.S.C. § 3553(a). *See United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015); 18 U.S.C. § 3583(e). A district court need not discuss every § 3553(a) factor. *See United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007). Rather, the court's explanation should be enough to demonstrate that the court has considered the parties' arguments and has a reasoned basis for its decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the district court began with a general discussion of the § 3553(a) factors. The court first described Peterson's criminal history and characteristics, noting that he had "been involved in the criminal justice system as a juvenile" and had since "amassed" a significant criminal record. The court also observed that Peterson had repeatedly committed crimes while on supervised release. Specifically, the court said, Peterson had repeatedly committed crimes while on "probation or parole or supervised release"—conduct that in the court's view showed disrespect for the law and "for any sort of formal authority" that had imposed conditions on him. Moreover, in light of Peterson's criminal record, the court told him that "you are probably likely to continue doing what you've been doing, and so there has to be some sort of deterrent effect to that." The court also considered the seriousness of Peterson's new drug-trafficking charges and all but one of his supervised-release violations—explaining that Peterson had repeatedly dealt drugs out of his home, which he shared with his young children.

Based on these considerations, the district court then imposed Peterson's 262-month sentence for the § 841(a) conviction and a consecutive 24-month sentence for the 13 supervised release violations. The latter sentence was consecutive, the court explained, to ensure that there

are "consequences . . . in that when you're on supervision . . . you should not be committing crimes[.]"

Nothing in this record reveals any obvious deficiency in the court's explanation of Peterson's supervised-release sentence. The court made clear the reasons why that sentence was consecutive. And the court discussed the relevant § 3553(a) factors in considerable detail, albeit while discussing Peterson's conduct for both the new § 841(a) conviction and the supervised-release violations. The conduct for the convictions and violations in fact substantially overlapped; and Peterson's 24-month sentence was well below the initial guideline range for those violations. Taken as a whole, then, the court's explanation for Peterson's sentence was adequate. *See United States v. Gunter*, 620 F.3d 642, 646-47 (6th Cir. 2010).

The district court's judgment is affirmed.