NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0503n.06

No. 22-4073

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 05, 2023

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| DYLAN PITTMAN, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: BOGGS, SUHRHEINRICH, and READLER, Circuit Judges.

BOGGS, Circuit Judge. Dylan Pittman was indicted on one count of conspiracy to distribute methamphetamine and two counts of distribution of a controlled substance. He entered a guilty plea before the district court to a three-count indictment with a written plea agreement. After calculating Pittman's sentencing-guidelines range and considering his criminal history, the district court sentenced Pittman to 140 months of imprisonment and five years of supervised release—the most lenient sentence in the guidelines range. This was consistent with the parties' plea agreement. Pittman now appeals, asserting that his 140-month sentence was procedurally unreasonable because the district court failed to consider and articulate its reasons for rejecting his argument for a lower sentence. Considering the 18 U.S.C. § 3553 factors, we affirm the judgment of the district court.

## I. BACKGROUND

In April 2022, Dylan Pittman and his co-conspirators were indicted by a Northern District of Ohio grand jury on one count of conspiracy to distribute methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846, and two counts of distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a) 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C § 2. In September 2022, Pittman accepted responsibility and pled guilty to conspiracy to distribute and to distributing methamphetamine pursuant to a plea agreement.

The presentence report calculated a total offense level of 29, and, after considering his extensive criminal history, placed Pittman in category V, resulting in a sentencing-guidelines range of 140 to 175 months. The presentence-report guidelines calculation was consistent with the parties' plea agreement. At the time, Pittman acknowledged that "the advisory guideline range [would] be determined by the [district court] at the time of sentencing," and "that the district court alone [would] decide the advisory guidelines range under the Sentencing Guidelines, whether there [would be] any basis to depart from that range or impose a sentence outside the advisory range, and what sentence to impose." In short, the parties agreed to a written Rule 11(c)(1)(B) plea agreement in this case, outlining that neither party would recommend or suggest that a variance or departure was appropriate.

In December 2022, the district court conducted a sentencing hearing. Considering the amount of methamphetamine that Pittman conspired to distribute and distributed, a total of 385.6 grams, the court found that a base offense level of 32 applied. Because Pittman accepted responsibility, however, the court reduced this base level to a total offense level of 29. Considering Pittman's criminal history category V, the court determined that an advisory guidelines range of 140-175 months applied.

After considering the plea-agreement terms, the court noted that it was not departing from the guidelines. In weighing the 18 U.S.C. § 3553(a) factors, the court observed the nature and circumstances of Pittman's offenses. Particularly, the court noted that Pittman played a substantial

role in a large drug-trafficking operation of high-purity methamphetamine and had a lengthy prior criminal record, including four felony drug offenses and several violent offenses, including domestic violence, as well as several misdemeanor convictions for theft and other theft-related offenses. The court also considered the circumstances of Pittman's offenses, including Pittman's prolonged history of substance abuse, his abusive childhood, and his struggle with mental health. Defense counsel highlighted that, while Pittman's extensive criminal history placed him in category V, all his prior sentences had been less than one year. After considering the nature and circumstances of Pittman's offenses, his history and characteristics, the need for the sentence imposed, and the kinds of sentences available, the court imposed the lowest sentence within the advisory guidelines range—140 months.

Pittman now appeals the procedural reasonableness of his sentence, arguing that the district court failed to address a significant factor of his background—the short length of his previous sentences. We affirm.

## II. ANALYSIS

### A. Procedural Reasonableness

For a sentence to be procedurally reasonable, the district judge must explain the reasons for a chosen sentence. *Gall v. United States*, 552 U.S. 38, 50 (2007). A judge provides an adequate explanation when the record reflects that he "considered the parties' arguments and ha[d] a reasoned basis" for the sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007). Appellate review, therefore, should "focus less on what the transcript reveals that the court said and more on what the transcript reveals the court did." *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010). To fulfill its procedural duty, a district court must "conduct a meaningful sentencing hearing and

truly consider the defendant's arguments." *Ibid.* (citing *United States v. Wilson*, 614 F.3d 219, 226-27 (6th Cir. 2010) (Martin, J., concurring)).

This court reviews sentences for procedural reasonableness under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. If a district court sentence is within the guidelines range, then an appellate court may apply a presumption of reasonableness. *Ibid.* However, adopting a presumption of reasonableness does not mean that courts may also adopt a presumption of unreasonableness. *Rita*, 551 U.S. at 354-55. This court has held that properly calculated sentences under the advisory guidelines are accorded a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. In reviewing the district court's calculation of the guidelines, we "review the district court's factual findings for clear error." *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007). Unless the record demonstrates a "definite and firm conviction that a mistake has been committed," this court will not reverse a lower court's finding of fact. *United States v. Orlando*, 363 F.3d 596, 603 (6th Cir. 2004).

Here, no such error occurred. The record clearly demonstrates that the district court carefully considered the § 3553(a) factors, adequately expressed the reasons for its sentence, and correctly calculated and imposed a reasonable sentence. While neither party could argue for departure or variance under the terms of the plea agreement, both parties could set forth sentencing arguments for the district court to consider during its sentencing hearing. When putting forth a

sentencing argument, defense counsel expressly argued for a guidelines sentence and noted to the district court that Pittman's prior sentences were significantly shorter in length than the one that he was facing at the sentencing hearing whether the 10-year statutory minimum sentence or the higher sentencing range of 140 to 175 months.

After considering the arguments, the district court imposed a sentence at the lowest end of the guidelines range sentence. Prior to stating its reasoning for imposing such sentence, the district court articulated that "in determining the reasonable and appropriate sentence in this case, [it] must consider the relevant factors set forth in 18 U.S.C. § 3553, as well as the guidelines and policy statements" and the arguments put forth by counsel. The district court then articulated several factors that it considered, including the nature and circumstances of the offense, Pittman's substantial role in the offense, the high purity of the methamphetamine that he pled guilty to conspiring to distribute and distributing, his extensive criminal record, his abusive childhood, and his struggle with mental health.

In particular, the court stated that it considered Pittman's "history and characteristics as presented to this Court during the hearing today, as well as the presentence report and the defense's sentencing memorandum" and highlighted that Pittman "had a difficult upbringing, an abusive childhood . . . [and] a history of mental health and substance abuse which is detailed in the presentence report." Finding the sentence at the low end of the advisory guidelines range as reasonable and appropriate in this case, the court imposed a sentence of 140 months. The record, therefore, clearly reflects that the district court meaningfully considered the facts and the § 3553(a) factors, and provided an adequate explanation for its reasonable, low-end guidelines sentence. Thus, Pittman's within-guidelines-range sentence is procedurally reasonable.

### B. Addressing Arguments

Pittman contends that the district court's sentence is procedurally unreasonable because it failed to articulate its reasons for rejecting his salient, non-frivolous argument—the brief length of his prior sentences—for a lower sentence. We disagree.

The district court adequately addressed Pittman's claim. We require an explanation to ensure that a district court had a "reasoned basis" for its sentence. *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2020). This basis requires a sentencing judge to "set forth enough" to satisfy the appellate court that he has considered the parties' arguments. *Rita*, 551 U.S. at 356. When a defendant presents "conceptually straightforward" arguments and the district court imposes a within-guidelines sentence, we assume that the sentence reflects consideration of the argument even absent express analysis by the judge. *United States v. Vonner*, 516 F.3d 382, 388 (2008) (en banc); *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009).

A district court need not "engage in a formulaic point-by-point refutation" of each argument made by a defendant in favor of a more lenient sentence. *United States v. Sweeney*, 891 F.3d 232, 239 (6th Cir. 2018). Nor does a court need to recite "magic words," such as "I have considered [the defendant's] arguments and I reject them." *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011). A district court's failure to address each of a defendant's arguments head-on will not lead to automatic reversal. *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007). Rather, a sentence will be vacated when the "context and the record" do not clarify the court's reasoning. *Liou*, 491 F.3d at 339 n.4 (citation omitted).

Here, the district court clearly explained its reasoning for imposing Pittman's sentence. This included careful consideration of both aggravating and mitigating facts. These included Pittman's criminal history of continued drug trafficking, his abusive childhood, and his struggle

with mental health. The court then weighed these facts in light of the 28 U.S.C. § 3553(a) factors, the need to provide just punishment, and the need to protect the larger community from any further crimes that Pittman might commit.

Specifically, the court expressly stated that it considered all the information before it, including the "argument presented by the United States and counsel for the defense." This would inherently include defense counsel's argument that Pittman faced a significantly longer sentence than he had ever faced before. The court need not echo magic words or engage in a point-by-point discussion of defendant's specific argument that his prior sentences were much shorter than the one imposed to be deemed properly considered and rejected.

In imposing its low-end-of-the-guidelines 140-month sentence, the context and the record make clear that the court thoroughly considered the relevant sentencing factors, the presentence report and the defense's sentencing memorandum, and Pittman's history, characteristics, and extensive criminal record, and explained its reasoning.  It was not required to expressly reject each of defendant's arguments nor explain why it did not impose a lesser sentence. Thus, Pittman's 140-month sentence is procedurally reasonable.

**AFFIRMED.**