NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0278n.06

No. 23-3639

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 26, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY S. JEFFERSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

_____

Before: KETHLEDGE, THAPAR, and DAVIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Timothy Jefferson pled guilty to two drug-trafficking offenses, and the district court sentenced him to a within-guidelines sentence of 204 months' imprisonment. Jefferson now argues that the district court did not adequately explain its reasons for the sentence. We disagree and affirm.

Jefferson pled guilty to conspiracy to possess with intent to distribute cocaine, which carried a mandatory-minimum sentence of ten years, and to possession of a firearm in furtherance of a drug-trafficking offense, which carried a mandatory-minimum sentence of five years, to be served consecutively. *See* 21 U.S.C. §§ 846, 841(b)(1)(A)-(B); 18 U.S.C. § 924(c). The probation officer calculated a guideline range of 135 to 168 months for the conspiracy offense plus 60 months for the firearm offense, and recommended a total sentence of 204 months. Neither party objected to those calculations.

At sentencing, the government likewise recommended a 204-month sentence. Jefferson's counsel instead requested the mandatory-minimum (and below guidelines) sentence of 180

months, arguing that the "mandatory [terms] are pretty harsh" and that Jefferson was "not a young man anymore. By the time he gets out of prison, you know, he's going to be an older man," so the "minimum required sentence would be adequate." The district court asked the government whether it agreed that the mandatory-minimum sentence was sufficient. The government said no: not only did Jefferson have "numerous" criminal convictions, it explained, he had been carrying a loaded firearm while dealing drugs from three different locations—running a "drug trafficking enterprise" beyond "that of just a simple drug dealer." The district court asked whether the government knew of cases with similar facts where a district court judge imposed a sentence above the mandatory minimum. The government said yes.

After that exchange, the district court said that it had "reviewed the facts of this case very carefully prior [to] today." The court then sentenced Jefferson to the probation officer's recommended sentence of 204 months, which the court said "comport[ed] with 3553(a)."

Jefferson now argues that the district court did not adequately explain the reasons for its sentence—specifically, its reasons for rejecting Jefferson's age-related argument in support of his request for a downward variance. Jefferson did not object at sentencing, so we review the district court's explanation for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). To be plain, an error must be clear and must affect both the defendant's substantial rights and the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Russell*, 26 F.4th 371, 376 (6th Cir. 2022) (quotation marks omitted).

Typically, a district court's explanation of a sentence is adequate when it addresses the relevant factors from 18 U.S.C. § 3553(a). *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). A brief explanation will often suffice, particularly when the district court "agree[d] with the Sentencing Commission's recommendations" and imposed a within-guidelines sentence.

*Vonner*, 516 F.3d at 387. Here, the district court said that it considered a "large number of letters" from Jefferson's family, the § 3553(a) factors, the sentencing memoranda, and the probation officer's recommendation. We have no reason to think otherwise. Indeed, the district court acknowledged the arguments Jefferson had made in his sentencing memorandum, including Jefferson's request to be sent to a medical facility.

Jefferson counters that the district court did not specifically respond to his argument about his age. But we do not require district courts to "respond to mitigation arguments point-by-point." *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010). And the argument itself amounted to a sentence or two. The record as a whole shows that the district court did not plainly err when it imposed Jefferson's 204-month sentence.

The district court's judgment is affirmed.